Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 8 2006

at 2 o'clock and 55 min. P M
SUE BEITIA, CLERK

U.S.A. vs. YOSHIKI FUJIMOTO          Docket No. CR 03-00332DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Yoshiki Fujimoto, who was placed on supervised release by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 5th day of April, 2004, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. Defendant shall pay restitution in the amount of $97,917.70 to City Bank and $27,985.02 to Territorial Savings and Loan immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived.

4. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his supervised release (Probation Form 7A is attached) as follows:

1. The offender did not pay restitution in the months of August 2006, September 2006, and October 2006, in violation of Special Condition No. 3.

2. The offender failed to follow the Probation Officer's 9/11/2006, 9/28/2006, and 10/25/2006 instructions regarding employment search and the submission of Verification of Employment Contacts sheets, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]   The issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ]   Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   11/24/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 24th day of November, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:     **FUJIMOTO, Yoshiki**
        **Criminal No. CR 03-00332DAE-01**
        **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 6/27/2003, a single-Count Information charged the offender with Bank Fraud, in violation of 18 U.S.C. § 1344, a Class B felony.

On 7/10/2003, the offender pled guilty to the single-Count Information before U.S. Magistrate Judge Leslie E. Kobayashi. Subsequently, on 7/30/2003, an Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing was filed by U.S. District Judge David Alan Ezra accepting the offender's guilty plea pursuant to the report and recommendation by the U.S. Magistrate Judge.

On 4/5/2004, the offender was sentenced to 24 months imprisonment followed by 5 years of supervised release with special conditions.

The offender's term of supervised release commenced on 2/24/2006.

On that same date, the offender voluntarily terminated his employment with Zippy's Restaurant. The offender had been employed at Zippy's while he was placed at Mahoney Hale, a community corrections center contracted with the Bureau of Prisons.

Subsequently, this officer instructed the offender to seek employment with Exotic Foods, a snack distribution business in Honolulu. The offender was hired and worked for Exotic Foods from approximately 3/7/2006 until he voluntarily terminated his employment on or around the second week of June 2006.

Since that date, the offender has violated the conditions of supervision as follows:

**Violation No. 1: Nonpayment of Restitution in the Months of August 2006, September 2006, and October 2006:**

At a date unknown to this officer, the offender terminated his full-time delivery position with Exotic Foods in or around June 2006. Subsequently, during the evening of 6/20/2006, this officer interviewed the offender regarding his employment. The offender related that he quit his employment because: 1) Exotic Foods did not pay him because of financial trouble; 2) the owner of Exotic Foods was hard to work with; and 3) he had medical problems. Regarding his medical problems, the offender reported that something to the effect that his white blood count was low and he also had a polyp in his nose which needed to be removed the following week.

This officer advised the offender that since the start of supervision, the offender unilaterally terminated his employment at Zippy's and Exotic Foods without: 1) finding backup employment; and 2) informing this officer of his intent to terminate his employment. Consequently, this officer instructed the offender to immediately find full-time employment. In response, the offender noted that he had medical problems which needed to be addressed. Thereafter, this officer further instructed the offender to

Re:   **FUJIMOTO, Yoshiki**
    **Criminal No. CR 03-00332DAE-01**
    **REVOCATION OF SUPERVISED RELEASE**
    **STATEMENT OF FACTS - Page 2**

provide a list of his treating physicians. The offender was informed that unless his treating physicians conclude he is unable to work, the offender needed to find viable employment.

Due to the offender's lack of employment from June 2006, the offender did not make any restitution payments in the months of August 2006, September 2006, and October 2006. Additionally, given that the offender will not make any restitution in November 2006, the offender will be in default of his court-ordered restitution.

While the Probation Office normally does not initiate revocation proceedings for nonpayment of financial obligations due to unemployment, the offender's situation is different from the norm. In this regard, this officer notes the following in support of the violation for nonpayment of restitution:

### a. Deemed Cleared to Work by Physicians:

On 8/17/2006, this officer sent a letter to the following physicians requesting a written response as to the offender's "health/medical condition(s)" and whether the offender's "health/medical condition(s) prevent(s) him from employment." A sample copy of the letter is attached as EXHIBIT A.

Between 8/22/2006 and 9/20/2006, this officer received responses from the following physicians, all of which indicated that the offender was cleared for employment: 1) Steven Azuma, M.D. (cardiology), EXHIBIT B; 2) Donn Murutani, M.D. (gastroenterology), EXHIBIT C; 3) James Gallop, M.D. (chest/tuberculosis), EXHIBIT D; 4) Michael Uechi, M.D. (urology), EXHIBIT E; 5) Gerald Watanabe, M.D. (internal medicine), EXHIBIT F; and 6) Kenneal Y.C. Chun, M.D. (ear, nose, throat), EXHIBIT G.

In summary, five of the six physicians reported to this officer that the offender was able to be employed despite having medical problems which were addressed with medication and/or future continued treatment. The sixth physician, Gerald Watanabe, M.D., sent this officer the offender's medical records and did not specifically address this officer's letter of 8/17/2006. Additionally, of the five physicians who deemed the offender employable, only Kenneal Y.C. Chun, M.D., recommended the offender be employed and limited to "clerical work with only light physical exertion."

Despite the responses from the offender's physicians, the offender made no attempt to find employment from 6/20/2006 to 10/25/2006. In this regard, the offender claimed that he was "too sick" to look for employment.

### b. Sick but Able to Transport Wife to and From Work:

Although the offender reported that he was "too sick" to find employment, he drove his wife to and from work each morning and afternoon. In this regard, an unidentified, confidential source (CS) reported the offender dropped his wife off at work

Re:   **FUJIMOTO, Yoshiki**
      **Criminal No. CR 03-00332DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

each morning in their teal-colored Honda Civic, and picked her up each day with the same vehicle. Additionally, on 10/25/2006, the offender admitted to this officer that despite "feeling too sick" to find employment, he took his wife to work each day and also picked her up from work.

Consequently, the offender's nonpayment of restitution is inexcusable given that he has been medically cleared to find employment but has not made any effort to become employed. Additionally, the fact that the offender continues to claim that he is "took sick" to find employment yet drives his wife to and from work each day suggests the offender may be over representing the nature of his medical conditions.

### Violation No. 2 - Failure to Follow the Probation Officer's 9/11/2006, 9/28/2006, and 10/25/2006 Instructions Regarding Employment Search and the Submission of Verification of Employment Contacts Sheets:

On 9/11/2006, the offender reported to the Probation Office as instructed to address his lack of employment and lack of effort to find employment since June 2006.

Subsequently, the offender was provided with Verification of Employment Contacts sheets and instructed to personally make four employment inquiries per day, Monday through Friday, beginning 9/12/2006. In addition, the offender was instructed to document his efforts on the Verification of Employment Contacts sheets which would allow this officer to verify his attempts to secure employment. The offender was further instructed to mail each week's completed Verification of Employment Contacts sheets at the end of the week on Saturday, beginning 9/16/2006. The offender was advised that if he was not employed full-time, failed to look for employment and/or failed to submit the contacts sheets each week, this officer could request the Court to impose community service until he found employment. The offender understood this officer's instructions and agreed to commence job seeking. A copy of that agreement is attached as EXHIBIT H.

Between 9/12/2006 and 11/7/2006, the offender reported the following on his Verification of Employment Contacts sheets regarding his employment attempts:

| Week | Dates | # of Required Contacts | # of Reported Contacts | Timeliness of Submission* |
|---|---|---|---|---|
| 1 | 9/12/2006-9/15/2006 | 16 | 0 | Yes; rec'd 9/18/06 |
| 2 | 9/18/2006-9/22/2006 | 20 | 0 | Not received |
| 3 | 9/25/2006-9/29/2006 | 20 | 0 | Not received |
| 4 | 10/2/2006-10/6/2006 | 20 | 0 | Not received |

Re:   **FUJIMOTO, Yoshiki**
**Criminal No. CR 03-00332DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

| 5 | 10/9/2006-10/13/2006 | 20 | 0 | Not received |
|---|---|---|---|---|
| 6 | 10/16/2006-10/20/2006 | 20 | 0 | Not received |
| 7 | 10/23/2006-10/27/2006 | 20 | 0 | Not received |
| 8 | 10/30/2006-11/3/2006 | 20 | 0 | Not received |
| 9 | 11/6/2006-11/7/2006 | 8 | 0 | Not received |

\*"Timeliness of Submission" refers to the likelihood the offender mailed his Verification of Employment Contacts sheets each Saturday as required.

Based upon the offender's employment search, it is apparent that between 9/12/2006 and 11/7/2006, the offender made no attempts to find employment. According to the offender's single Verification of Employment Contacts sheet received on 9/18/2006 (EXHIBIT I), the offender indicated that he did not make any attempts for employment during the first week of 9/12/2006 to 9/15/2006.

Additionally, on 9/28/2006, this officer visited the offender's residence to question him regarding his failure to look for employment during the week of 9/12/2006 to 9/15/2006, and to question him regarding his failure to submit his Verification of Employment Contacts sheet for the week of 9/18/2006 to 9/22/2006. The offender reported that he did not look for employment during the entire period of 9/12/2006 to 9/28/2006 because of "sinus problems and dizziness." This officer advised the offender that if he was having continued medical problems, he needed to go to the emergency room and/or see his physician. However, this officer advised the offender that unless his physician(s) informed this officer that he was unable to work, he needed to find employment. Further, the offender was instructed that even if he did not seek employment during a given day, he needed to indicate such on his Verification of Employment Contacts sheets before submitting them each week. In this regard, this officer informed the offender that he was in violation of his supervision for failing to follow this officer's 9/11/2006 instructions regarding his employment search and the submission of his Verification of Employment Contacts sheets. This officer subsequently instructed the offender to submit his sheet for the period 9/18/2006 to 9/22/2006.

Despite this officer's 9/11/2006 and 9/28/2006 instructions, the offender did not submit his Verification of Employment Contacts sheets for the weeks beginning 9/18/2006, 9/25/2006, 10/2/2006, 10/9/2006, and 10/16/2006.

On 10/25/2006, this officer visited the offender's residence to question him regarding his continued failure to abide by this officer's previous instructions. When questioned as to why he continued to fail to submit his weekly Verification of Employment Contacts sheets, the offender did not respond or offer an explanation.

Re:  **FUJIMOTO, Yoshiki**
**Criminal No. CR 03-00332DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 5**

When questioned as to whether he was actively seeking employment, the offender admitted that: 1) he drove his wife to work each day and picked her up as well; and 2) he stayed home and was a "couch potato." When questioned as to his medical conditions, the offender related that his nose/sinus was healing and that his ulcer was also healing. Consequently, this officer did not receive any communication from the offender's physicians that he was unable to seek employment and/or unable to be employed since the physicians' initial responses to this officer that the offender was able to be employed.

Thereafter, this officer informed the offender that he continued to be in violation of his supervision and that his inaction was unacceptable. This officer advised the offender that based upon his noncompliance, this officer would be considering sanctions, including electronic monitoring which required him to be out of his residence during the business day, placement at Mahoney Hale (a residential reentry center), or a request for revocation of his supervised release. This officer also advised the offender that his claim that he was "too sick" to look for employment each day was no longer acceptable given that he was not "too sick" to drop off his wife at work and pick her up each day. Subsequently, this officer advised the offender that instead of taking his wife to work, he needed to look for work.

On 11/1/2006, this officer contacted the CS to inquire whether the offender dropped off his wife at work in the morning. The CS informed this officer that the offender dropped off his wife in the morning with the couples' teal-colored Honda Civic.

On 11/2/2006, this officer telephonically informed the offender that if he did not have full-time employment by 11/15/2006, this officer would request that he be brought before the Court for his violations.

On 11/15/2006, this officer telephonically questioned the offender regarding employment. The offender indicted that he did not have employment. Thereafter, the offender indicated that he sent this officer a letter indicating that a portion of his monthly benefit from the Social Security Administration would be taken out by the government to be applied to his restitution. A copy of the document is attached as EXHIBIT J. The offender then inquired whether the payments would cease court action. This officer informed the offender that the nature of his violations involved his conduct, or total disregard of this officer's instructions to find employment and to submit his Verification of Employment Contacts sheets. This officer further informed the offender that while nonpayment of restitution would be excusable had the offender made valid attempts to find employment, his situation was not the case. In this regard, the offender could not make restitution payments because he made no attempt to find employment.

In light of the foregoing, it is apparent the offender does not appreciate his legal situation. After unilaterally terminating his first two employments without first having backup employment, the offender made no attempt to find employment since June 2006. Moreover, despite receiving multiple instructions to find employment and to show

Re:   **FUJIMOTO, Yoshiki**
       **Criminal No. CR 03-00332DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**

proof that he sought employment, the offender continued to disregard this officer's instructions. Consequently, the offender's conduct suggests that he did not intend to work or pay restitution. Moreover, although the offender claimed that he could not seek employment because he was "too sick," the offender did not provide any documentation from his physicians indicating that he could not work. Additionally, despite being too ill to find employment, the offender apparently was not ill enough to drive his wife to and from work each day.

In considering the offender's violations and underlying conduct, the offender is not amenable to supervision at this time.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 11/24/2006

DMK/pts

Re:  **FUJIMOTO, Yoshiki**
**Criminal No. CR 03-00332DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 7**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall not apply for any loan or open any line of credit or use any existing credit without prior approval of the Probation Officer.

That the defendant shall maintain a personal bank account separate and apart from his wife or any other family member or person.

That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.